### REHMEYER et ux. v. FIRST NAT. BANK IN NEW FREEDOM.

#### No. 6031.

Circuit Court of Appeals, Third Circuit.

May 22, 1936.

John N. Landberg, of Philadelphia, Pa., for appellants.

McClean Stock, of York, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is a proceeding by a farmer to set up the status which he had under the Farm Loan Act, or the act providing that mortgages on farms could not be foreclosed within three years. The appellants here owned a farm in York county, Pa., valued at $4,500. The First National Bank of New Freedom had a mortgage against the property on which there is due $5,243.03. After the Supreme Court handed down its opinion on May 27, 1935 (Louisville Joint Stock Land Bank, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106), holding that part of the act which prevented the foreclosure of the mortgage, etc., unconstitutional, appellants entered into certain contracts with the bank by which they agreed that they would dismiss certain proceedings which they had begun to prevent foreclosure and agreed to convey the property to the bank on condition that the mortgages and all claims against them be canceled; that the personal property, viz., machinery, cattle, horses, poultry, hogs, wagons, and growing crops be released from the lien of an execution held by it; and that the taxes paid by the bank for 1933, 1934, and 1935, and the costs of the transfer of the property, sheriff's costs, etc., all amounting to $375.69, be released. The property was conveyed to the bank by appellants and all these items of contract were performed by it, including the promise of the bank to allow appellants to remain on the farm until after the growing crops had been harvested. Afterward, on August 28, 1935, section 75 of the Bankruptcy Act was amended (11 U.S.C.A. § 203). Appellants claimed that this revived the status which they had under the old act and that they had 90 days thereafter to redeem their property, etc., though, as we understand it, they do not have any money with which to pay for the property. If they did and could make the bank whole, counsel states the bank would reconvey the property.

But, aside from that question, we think, after these agreements had been entered into and carried out and the farm conveyed to the bank, the act to which they claim benefit does not apply to the appellants, and that the action of the conciliator and the District Court in denying them the rights which they are demanding is proper and legal.

So holding, the appeal is dismissed.